

FILED & ENTERED

MAR 30 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoanDEPUTY CLERK

# NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA—LOS ANGELES DIVISION

| | |
|---|---|
| In re: | CHAPTER 11 |
| CRESCENT ASSOCIATES, LLC., | Case No.:  2:18-bk-20654-WB<br>Adv No:  2:18-ap-01310-WB |
| Debtor(s). | **MEMORANDUM OF DECISION** |
| CRESCENT ASSOCIATES, LLC., | Date:         January 26, 2021<br>Time:         2:00 PM<br>Courtroom:  1375 (via Zoomgov) |
| Plaintiff(s), | |
| v. | |
| EYAL BEN DROR, | |
| Defendant(s). | |

This matter is before the Court for ruling on the Trial Brief and Motion for Damages and Attorney Fees ("Motion for Damages") [Docket No. 63] filed by the plaintiff, Crescent Associates LLC.  Oral argument on the Motion for Damages was heard on October 20, 2020 and January 26, 2021.  Based on the pleadings, record, and oral argument of the parties, and for the reasons that follow, the Court finds that the plaintiff is entitled to its attorneys' fees under Civil Code section 1717[1] in the amount of $98,369.00 as the prevailing party with respect to this

---

[1] All references to Civil Code refer to the California Civil Code.

adversary proceeding.

## I.    FACTS

On October 4, 2018, debtor and plaintiff, Crescent Associates LLC ("Plaintiff"), filed a Notice of Removal of Action styled *Crescent Associates LLC v. Eyal Ben Dror, et al.* (the "Complaint") from the Los Angeles County Superior Court to the bankruptcy court.  The Complaint alleged claims for declaratory relief and damages for slander of title and for cancellation of instrument.  Plaintiff alleged that it was the record title holder of two parcels of real property (the "Multiview Properties") as a result of a foreclosure sale on May 14, 2018.  Prior to the foreclosure sale, ADY Property, LLC and MJK 18 LLC owned the Multiview Properties.

Approximately four years earlier, on September 8, 2014, Joe Klein and his business entity, MJK 18 LLC, entered into an agreement with Eyal Ben Dror ("Dror" or "Defendant") entitled Statement of Understanding and Investment Agreement (the "Klein Agreement").  In summary, the Klein Agreement provided the terms for the parties' acquisition of unrelated real property on Beverly Glen Drive (the "Beverly Glen Property").  Defendant was to advance all funds, and any additional costs, for the purchase of the Beverly Glen Property with Defendant and Klein each holding a 50% interest.  In turn, Klein and MJK 18 agreed to guarantee Defendant's investment and provided, as security for the guarantee, junior deeds of trust on the Multiview Properties (the "Dror Deeds of Trust").  The Klein Agreement provided that in the event Klein was unable to provide his required funds, Klein would withdraw his ownership in the Beverly Glen Property or quitclaim his interest to Defendant.  In the event of withdrawal of Klein's shares, Dror agreed not to seek any recovery on the Klein guarantee.  Because Klein was unable to fulfill his obligations under the Klein Agreement, Defendant sued, and obtained judgment against Klein, granting Dror sole ownership of the Beverly Glen Property pursuant to the Klein Agreement.  However, Dror did not release the Dror Deeds of Trust and subsequently filed a claim in Plaintiff's bankruptcy case.

In the Complaint, Plaintiff sought declaratory relief that the obligations secured by the Dror Deeds of Trust have been satisfied and that the guarantees were extinguished by the entry

of judgment in favor of Dror and the transfer of title to the Beverly Glen Property to Dror.
Plaintiff sought cancellation of the Dror Deeds of Trust and sought damages for slander of title
(the "Slander of Title Claim") based on Dror's refusal to remove the Dror Deeds of Trust from
and after July 26, 2018 as demanded by Plaintiff.  Plaintiff sought punitive damages in
connection with the Slander of Title Claim.

On January 30, 2019, Plaintiff filed its motion for partial summary judgment. On
February 11, 2019, Defendant filed his motion for summary judgment.  The Court held a hearing
on the motions on February 26, 2019 and issued an oral ruling and findings of fact and
conclusions of law on April 9, 2019.  The Court entered orders granting Plaintiff's motion and
denying Dror's motion on May 17, 2019 (see Docket Nos. 43, and 44).  In granting Plaintiff's
Motion for Summary Judgment in part, the Court determined that in electing to take title to the
Beverly Glen Property, Defendant no longer had the right to "seek any recovery on any
guarantees" provided in the Klein Agreement, which "guarantees" were secured by the Dror
Deeds of Trust at issue here.  By enforcing paragraph 25 of the Klein Agreement, the guarantee
obligations were extinguished and the obligations under the Dror Deeds of Trust were
extinguished.  The Court ordered the Dror Deeds of Trust cancelled and of no further force and
effect and held that, as a result, Dror had no claim against the estate.  The issue of damages
remained open as well as Plaintiff's right to attorneys' fees.

The Court scheduled a trial for July 28, 2020 to determine damages and attorneys' fees.
This hearing was continued to address the form of the trial and to allow Dror the opportunity to
obtain counsel.  At the continued status conference, Dror appeared without counsel.  The parties
agreed on the record that the matter would be submitted on written evidence and argument (the
"Trial by Motion").  The Court set a briefing schedule and scheduled a hearing for October 20,
2020.

Plaintiff timely filed its Motion for Damages, the Declaration of Steven Morris in
Support of Motion for Damages and Attorney Fees (see Docket No. 64), the Declaration of
Edward Friedman in Support of Motion for Damages and Attorney Fees (see Docket No. 65) and
the Declaration of Robert Yaspan in Support of Motion for Damages and Attorney Fees (see

Docket No. 66).  Dror did not file any opposition and did not appear at the hearing on October 20, 2020.  The Court heard oral argument from Plaintiff's counsel, Steven A. Morris ("Morris"), and took the matter under submission.

On November 18, 2020, Defendant filed a Stipulation re Continuance of Hearing on Motion for Damages ("Stipulation").  See Docket No. 68.  Pursuant to the Stipulation, the parties agreed to continue the deadline for Defendant to file an opposition to the Motion For Damages and to continue the hearing on the Motion For Damages.  The Stipulation was signed by Defendant on October 5, 2020 and by Morris, on behalf of Plaintiff, on October 8, 2020.  Morris failed to mention the Stipulation at the hearing on October 20, 2020.

Approving the Stipulation, the Court set a continued hearing on the Motion for Damages for January 12, 2021 at 2:00 p.m.  On December 30, 2020, Defendant filed an Opposition to Trial Brief and Motion for Attorneys Fees ("Opposition") (see Docket No. 71), the Declaration of Michael P. Rubin in Support of Eyal Ben Dror's Opposition (see Docket No. 72), and the Declaration of Eyal Ben Dror in support of Opposition (see Docket No. 73).  The Court entered an order accepting the Defendant's late-filed Opposition and declarations for consideration, set a reply deadline and continued the hearing to January 26, 2021.  See Docket No. 74.

## II. DISCUSSION

In the Motion for Damages, Plaintiff argues that as the prevailing party in the adversary proceeding it is entitled to attorneys' fees and costs under Civil Code § 717 from July 11, 2018, the date of entry of judgment in the state court litigation (the "State Court Judgment"), through confirmation of the plan in the underlying bankruptcy case.  Plaintiff seeks additional damages pursuant to Civil Code § 2941(d) and punitive damages under Plaintiff's Slander of Title Claim.

Plaintiff asserts the following attorneys' fees and costs were incurred:

1) Bankruptcy counsel's fees in the amount of $178,804.94 (see Docket No. 66, Declaration of Robert Yaspan);

2) Special counsel's fees in the amount of $98,369 (see Docket No. 64, Declaration of Steven Morris); and

3)   United States Trustee's ("U.S. Trustee") fees in the amount of $27,324.34 (see

Docket No. 65, Declaration of Edward Friedman).

In total, Plaintiff seeks actual damages of attorneys' fees and costs of $304,498.28 pursuant to

the Klein Agreement and Civil Code § 1717 and as damages, and punitive damages of

$76,124.57.

## A.  Award of Fees under Civil Code § 1717

Plaintiff argues it is entitled to attorneys' fees and costs under § 1717 as the prevailing

party in this adversary proceeding based on the attorneys' fees provision in the Klein Agreement.

Section 14 of that agreement provides that the prevailing party in any dispute arising from or

relating to the Klein Agreement shall be awarded costs and attorneys' fees.  Plaintiff contends

that while it is not a party to the original contract, established case law indicates that in certain

circumstances such as this, that distinction is without a difference.

Defendant argues that Plaintiff is not entitled to attorneys' fees because it is not a party to

the Klein Agreement, § 1717 is not applicable because the attorneys' fees provision is not

unilateral and Plaintiff is not a third party beneficiary to the agreement nor a successor to the

agreement.

Section 1717 provides that in any action on a contract, where a contractual provision

provides a right to attorneys' fees recovery to one party or to the prevailing party, the prevailing

party is entitled to reasonable attorneys' fees, whether it is the party specified in the contract or

not.[2]  Cal. Civ. Code § 1717(a).

In *Santisas v. Goodin,* the California Supreme Court made clear that § 1717 does not

just apply to contracts with one-sided provisions but that it applies to "contracts containing

reciprocal ... attorney fee provisions ... authorizing recovery of attorney fees by a 'prevailing

party.' " *Santisas v. Goodin,* 17 Cal.4th 599, 614–16 (1998).  Section 1717, which was enacted

---

[2] Section 1717(a) states that: "[i]n any action on a contract, where the contract specifically
provides that attorney's fees and costs which are incurred to enforce that contract, shall be
awarded either to one of the parties or to the prevailing party, then the party who is determined to
be the party prevailing on the contract, whether he or she is the party specified in the contract or
not, shall be entitled to reasonable attorney's fees in addition to other costs." Cal. Civ.
Code § 1717(a).

1   to ban unfair one-sided fee provisions, has been expanded over time to cover reciprocal fee

2   agreements as well.  For example, the rules in § 1717 regarding the identification of a

3   "prevailing party"—including the rule that there is no prevailing party in an action that is

4   voluntarily dismissed or that is settled—apply to all actions "on a contract" in which parties seek

5   to recover attorneys' fees.  *Id.* at 616-17.  Section 1717, thus, allows recovery of attorneys' fees

6   by whichever contracting party prevails in a contract enforcement action, whether the prevailing

7   party is the party specified in the contract or not.  *Id.* at 611.  Section 1717 applies, however,

8   only to actions that contain at least one contract claim. *Id.* at 615 (citation omitted). The action

9   must be "on the contract" and the party must prevail "on the contract."  Thus, any contractual

10  attorney fee provision must be interpreted in light of Civil Code § 1717.  *Khan v. Shim,* 7

11  Cal.App.5th 49, 55 (2016).  Contrary to Dror's assertion, § 1717 does apply to the Klein

12  Agreement and its provision providing attorneys' fees to the prevailing party.

13          Next, the Court must determine whether Plaintiff, as a non-signatory party to the Klein

14  Agreement, may recover attorneys' fees under the contract and § 1717.  Generally, absent

15  contractual language providing otherwise, a contract providing for attorneys' fees to be awarded

16  to a contracting party does not typically apply to a non-signatory party.  *See Cargill, Inc. v.*

17  *Souza,* 201 Cal.App.4th 962, 966, 968–69 (2011).  However, a non-signatory party may be

18  entitled to contractual attorneys' fees for litigation in which "the non-signatory party "stands in

19  the shoes of a party to the contract." *Id.* at 966 (citation omitted). That is, if the non-signatory

20  party sues or is sued "as if he were a party" to the contract containing the attorneys' fees

21  provision, the prevailing party may be entitled to an award of fees.  *Reynolds Metals Co. v.*

22  *Alperson,* 25 Cal.3d 124, 127–28 (1979) (non-signatory party who was sued as alter ego of

23  signatory party entitled to contractual attorneys' fees); *Cargill,* 201 Cal.App.4th at 966–70 (third

24  party beneficiary of contracting party entitled to attorneys' fees); *Exarhos v. Exarhos,* 159

25  Cal.App.4th 898, 900, 903–8 (2008) (non-signatory party who sued as deceased contracting

26  party's successor in interest required to pay contractual attorneys' fees); *California Wholesale*

27  *Material Supply, Inc. v. Norm Wilson & Sons, Inc.,* 96 Cal.App.4th 598, 601, 608 (2002) (non-

28  signatory party who brought action based on assignment of contract rights from signatory party

required to pay contractual attorneys' fees).

Here Plaintiff, as purchaser of the Multiview Properties at a foreclosure sale, stood in the shoes of Klein and was required to litigate with Defendant to enforce the terms of the Klein Agreement in order to obtain removal of the Dror Deeds of Trust.  Section 14 of the Klein Agreement provides that the prevailing party in any dispute arising from or relating to the Klein Agreement shall be awarded costs and attorneys' fees.  Thus, Plaintiff as successor to the prior owners of the Multiview Properties may recover reasonable attorneys' fees incurred in an action on the contract.

Plaintiff seeks attorneys' fees under the Klein Agreement for the successful prosecution of the adversary proceeding, the conduct and confirmation of a plan of reorganization and for the U.S. Trustee fees paid in the bankruptcy case. There is no dispute that the adversary proceeding is an action on the contract.  The Complaint sought a declaration regarding the Klein Agreement and cancellation of the Dror Deeds of Trust pursuant to the terms of the Klein Agreement.  The same cannot be said for the pursuit of the bankruptcy case and the concomitant payment of U.S. Trustee fees.  Plaintiff seeks the fees of its chapter 11 bankruptcy's general counsel, Robert Yaspan ("Yaspan"), in the amount of $178,804.94, and quarterly fees charged by the U.S. Trustee, among other costs, in the amount of $27,324.34.[3]  Plaintiff maintains that the only reason the bankruptcy was filed was to enable Plaintiff to sell the Multiview Properties, free and clear of the Dror Deeds of Trust.  Further, Plaintiff contends that its other option, remaining in state court, presented significant delays inherent within that judicial system.  Plaintiff asserts that but for the Dror Deeds of Trust, Plaintiff had no other reason to file bankruptcy as it was not insolvent and there was sufficient equity to pay all debts, including Defendant's, had he prevailed.

Plaintiff has not demonstrated that the bankruptcy case was an action on the contract.  In *Bos v. Board of Trustees*, 818 F.3d 486 (9th Cir. 2016), the Ninth Circuit explained that where

---

[3] The Declaration of Robert Yaspan (see Docket No. 66)  provides a breakdown of fees and costs incurred by Plaintiff for bankruptcy services for the period of September 11, 2018 through July 31, 2020 in the following general categories of: case administration, fee applications, motions, chapter 11 plan, Defendant related issues, sale of real property and costs.

the contract is collateral to the dispute, it is not an action on the contract and attorneys' fees cannot be awarded under § 1717.  It is not an action on a contract if the action does not litigate the validity of the contract or consider state law governing the contract. The Court is unpersuaded by Plaintiff's contention that the bankruptcy case was an action on the contract. Plaintiff's assertion that it had no other recourse but to file bankruptcy in order to clear title and sell the Multiview Properties does not make the case an action on the contract.  Filing bankruptcy was merely one of Plaintiff's options.  Plaintiff could have settled or resolved its dispute in state court and brought the matter to a conclusion there.  But, as asserted by Plaintiff, under these circumstances it chose to seek what in its view was a more expeditious route via the bankruptcy courts.

Moreover, Plaintiff addressed issues related to confirmation of the plan of reorganization that were unrelated to the Dror Deeds of Trust, including the claims asserted by EPCO Consultants, Inc.  The Court cannot find that pursuit of the bankruptcy case through confirmation was an action on the contract.  Accordingly, the Court denies Plaintiff's claim to recover its chapter 11 bankruptcy's general counsel's fees and costs and the quarterly fees imposed by the U.S. Trustee under the Klein Agreement and § 1717.

Plaintiff is entitled to its reasonable attorneys' fees and costs as the prevailing party in the adversary proceeding.  Plaintiff seeks attorneys' fees and costs of its special counsel, Morris, in the amount of $98,369.00.  Morris was principally responsible for the litigation against Defendant in this adversary proceeding.  Morris and his firms' services commenced from the date the judgment was entered in the *Klein v. Dror* state court action on July 11, 2018 (the date Defendant should have reconveyed the Dror Deeds of Trust) until title on the Multiview Properties was cleared.  See Declaration of Steven Morris, Docket No. 64.  Morris attests that the work included: (1) in-depth legal research concerning the sale of real property subject to the Multiview Deeds of Trust; (2) basic discovery (including a document demand and deposition of Defendant); (3) preparation of the Motion for Partial Summary Judgment; and (4) opposing Defendant's Motion for Summary Judgment.  The Court grants Morris' fees in the amount of $98,369.00 under § 1717 and finds that they are reasonable and necessary costs incurred with

respect to the action on the contract.

**B.  Civil Code § 2941(d)**

Plaintiff also seeks an award of attorneys' fees under Civil Code § 2941(d).  Plaintiff did not assert a claim for recovery of fees under § 2941(d) in the Complaint, raising this claim for the first time in the Motion for Damages.[4]

Section 2941(b)(1) requires that within 30 days of the obligation secured by a deed of trust having been satisfied, the beneficiary [Defendant] shall deliver to the trustee under the deed of trust an executed request for reconveyance and supporting documents. The trustee under the deed of trust then has 21 days from receipt of the request for reconveyance to reconvey the deed of trust. Cal. Civ. Code **§** 2941(b)(1)(A).  The trustee under the deed of trust, not the beneficiary, is responsible for providing a copy of the reconveyance to the owner of the property.  Cal. Civ. Code **§** 2941(b)(1)(B)(ii).

Section 2941(d) provides that a violation of § 2941 makes the violator liable to the plaintiff for all damages sustained by reason of the violation, and additionally requires the violator to pay the plaintiff $500.00 in statutory damages.  Cal. Civ. **§** 2941(d).  Section 2941(d) does not grant a statutory right to attorneys' fees for § 2941 litigation with the creditor.  *See In re Luchini*, 511 B.R. 664, 677 (Bankr. E.D. Cal. 2014).

Plaintiff asserts that Dror failed to reconvey the Dror Deeds of Trust by August 29, 2018 (the last day to do so following entry of the July 11, 2018 judgment in the state court action). Plaintiff's alleged damages from this violation are attorneys' fees incurred for the Dror litigation, the sale of the Multiview Properties through these bankruptcy proceedings and the attorneys' fees associated with the administration of this bankruptcy case.  First, the Court will award attorneys' fees for the Dror litigation under the Klein Agreement.  With respect to the attorneys'

---

[4] Although Plaintiff did not allege a claim for damages under § 2941(d) in the Complaint, Fed.R.Bankr.P. 7015(b) allows the pleadings to be conformed to the evidence raised at trial "at any time." "[T]he lack of an amendment will not affect the judgment in any way." *Dunn v. Trans World Airlines,* 589 F.2d 408, 412–13 (9th Cir. 1978). "Failure to formally amend the pleadings will not jeopardize a verdict or judgment based upon competent evidence. If an amendment to the pleadings to conform to the proof should have been made, the Courts of Appeals will presume that it is so made to support the judgment." *Id.* quoting *Decker v. Korth,* 219 F.2d 732, 739 (10th Cir. 1955).

1    fees and U.S. Trustee fees incurred in connection with the bankruptcy case, Plaintiff has not

2    demonstrated that these are damages that flow from the refusal to reconvey the Dror Deeds of

3    Trust.  This Court was required to make a determination as to the application of the

4    reconveyance requirement in the Klein Agreement based on the ruling in the state court

5    litigation.  Further, as noted above, Plaintiff did not demonstrate that the bankruptcy case was

6    necessary for it to enforce the Klein Agreement.  Indeed, the adversary was filed originally in

7    state court and removed to the bankruptcy court upon the filing of the chapter 11 case.  The

8    Court cannot find that all of the fees associated with the chapter 11 case were the result of the

9    Dror litigation and his failure to release the Dror Deeds of Trust.  As a result, no damages will be

10   awarded.  Finally, Plaintiff did not demand an award of the statutory damages of $500.00.

11   **C.  <u>Slander of Title</u>**

12           Slander of title is a "tortious injury to property resulting from unprivileged, false,

13   malicious publication of disparaging statements regarding the title to property owned by

14   plaintiff, to plaintiff's damage." *Southcott v. Pioneer Title Co.,* 203 Cal.App.2d 673, 676 (1962).

15   " 'The recordation of an instrument facially valid but without underlying merit will give rise to

16   an action for slander of title.' " *Nguyen v. Bank of Am. Nat. Ass'n,* 2011 WL 5574917 at *7 (N.D.

17   Cal. Nov. 15, 2011), *citing Stamas v. County of Madera,* 2011 WL 2433633 at *14 (E.D. Cal.

18   June 14, 2011).

19           Under California law, slander of title requires allegations that a person, without a

20   privilege to do so, published a false statement that disparaged title to property and caused the

21   property owner some special pecuniary loss or damage. *Sumner Hill Homeowners' Ass'n, Inc. v.

22   Rio Mesa Holdings, LLC,* 205 Cal. App. 4th 999, 1030 (2012), *citing Fearon v. Fodera,* 169 Cal.

23   370, 379–80 (1915).  The elements of the tort are (1) a publication, (2) without privilege or

24   justification, (3) falsity, and (4) direct pecuniary loss.  *Truck Ins. Exchange v. Bennett,* 53 Cal.

25   App. 4th 75, 84 (1997).

26           Plaintiff alleges in the Complaint that Defendant maintained and refused to reconvey the

27   Dror Deeds of Trust on the Multiview Properties which Defendant had a legal duty to reconvey.

28   The Complaint essentially alleges that the act of failing to reconvey the Dror Deeds of Trust

constitutes a false representation and disparages, without authority, Plaintiff's title to the

Multiview Properties.  However, Plaintiff cites no authority for the proposition that Defendant's

failure to remove a lien can form the basis for a slander of title claim; specifically, that such

failure satisfies the publication requirement, and the Court has found none.  Having failed to

satisfactorily establish an essential element of its Slander of Title Claim, the Court declines to

award actual or punitive damages.

### III.    CONCLUSION

Based on the foregoing, the Court awards Plaintiff attorneys' fees in the amount of

$98,369.00.  A separate order consistent with this memorandum of decision will be entered.

###

Date: March 30, 2021

Julia W. Brand
United States Bankruptcy Judge